HEATHER WILLIAMS
Federal Defender
RACHELLE BARBOUR, Bar #185395
Research and Writing Attorney
MICHELLE NAM
Certified Law Student
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
JERRY DEAN DAVIS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. Cr. S. 92-0377-GEB |
| Plaintiff, | |
| v. | UNOPPOSED PETITION TO TERMINATE SUPERVISED RELEASE UNDER 18 U.S.C. § 3583(e)(1); [proposed] ORDER |
| JERRY DEAN DAVIS, | |
| Defendant. | Judge: Garland E. Burrell, Jr. |

I.   INTRODUCTION

Defendant, JERRY DEAN DAVIS, hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The ten-year term of supervised release began on January 2, 2009. Mr. Davis has already completed almost five years of that term.

Mr. Davis is being supervised in the Eastern District of California where he lives and works. Mr. Davis was referred to the Federal Defender's Office by the U.S. Probation Office as a potential

candidate for early termination. Prior to filing this petition, defense counsel provided it to the supervising probation officer and the government. The officer has indicated that Mr. Davis is on her low-intensity caseload, is maintaining employment, and staying drug free. Both the government and the probation office concur with this petition.

II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." No hearing is requested for this unopposed petition.

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders *as soon as they are statutorily eligible*. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
>> 1. stable community reintegration (e.g., residence, family, employment);
>>
>> 2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
>>
>> 3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
>>
>> 4. no history of violence (e.g., sexually assaultive,

Davis - Petition to Terminate
Supervised Release
& Proposed Order                    2

    predatory behavior, or domestic violence);

    5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

    6. no recent evidence of alcohol or drug abuse;

    7. no recent psychiatric episodes;

    8. no identifiable risk to the safety of any identifiable victim; and

    9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

 Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

 Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges *encouraging* them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. (Exh. A.) Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and

Davis - Petition to Terminate
Supervised Release
& Proposed Order   3

were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, *does not jeopardize public safety*." Id. (emphasis added)

## III. MR. DAVIS SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Davis satisfies all the factors set forth for early termination. He has completed all the terms of supervision and has no outstanding monetary penalties. He has been sober for over 24 years, completed the Bureau of Prisons Residential Drug Abuse Program (RDAP), and passed all drug tests during his five-years on supervised release. He was also released from mandated drug tests because he tested clean for two years.

Mr. Davis was convicted of possessing cocaine and cocaine base with intent to distribute, for which he received a 20-year term of custody and a 10-year term of supervised release. His sentence was driven in part by the amount of crack cocaine he possessed. Mr. Davis was arrested on June 18, 1992 and he was released from the Bureau of Prisons on January 2, 2009, serving sixteen and a half years in custody. He received good-time credit for his commendable behavior in prison and for successfully completing the Bureau of Prisons Residential Drug Abuse Program.

Mr. Davis was sentenced to the 20-year term of custody prior to the enactment of the Fair Sentencing Act of 2010, where Congress established higher thresholds to trigger mandatory minimum and maximum penalties for crack cocaine offenses and changed the sentencing ratio of crack cocaine and powder cocaine from 100:1 to 18:1. Had the Act applied to Mr. Davis' case, he likely would have served 11 years of

1  prison and 8 years of supervised release, instead of serving
2  approximately 16 years in prison and receiving 10 years of supervised
3  release.
4      While incarcerated, Mr. Davis took courses and received college
5  credits from Taft College.  Mr. Davis was released from prison in 2008
6  to a halfway house in the Eastern District.  He stayed there until
7  January 2, 2009, his first date on supervised release.
8      During his term of supervision, Mr. Davis has been making great
9  strides.  Immediately upon leaving the halfway house, Mr. Davis was
10 employed by Two Men And A Truck.  He has maintained his job there since
11 2008 with nothing but praise from his employer.  His employer notes
12 that Mr. Davis would have the opportunity to move up in his company if
13 the travel restriction of his supervised release were lifted.

> [Mr. Davis] has been an outstanding model employee since hire. Due to Mr. Davis' legal obligations and restrictions, both he and our company are limited in both employment opportunities and utilizations of Mr. Davis for our company. Should Mr. Davis be released from his legal restrictions, Jerry would be allowed to drive on any of numerous commission based, and higher paying, long haul jobs out of the area.  This release would benefit the company and Mr. Davis equally.  Jerry would have the opportunity to earn higher wages and income, and the company would benefit by utilizing his experience to handle larger responsibility moves out of the local service area.

20 (Letter from Supervisor James D. Coombs, Exh. B.)
21     Another one of Mr. Davis' supervisors concurs that Mr. Davis would
22 have much more opportunities with the company if his travel
23 restrictions were lifted.  Alan Sloot, the Assistant Operations Manager
24 writes:

> Jerry would have more opportunities in regards to hours if he was eligible for interstate/ intrastate long haul moves. Unfortunately his travel restrictions disqualify him from those potential moves and have him limited to working locally only.

(Exh. C.)

Davis - Petition to Terminate
Supervised Release
& Proposed Order                5

In addition to maintaining stable employment, Mr. Davis has also been a loyal and faithful family member. He has lived with his sister, Remell Davis, for the last five years and they both share responsibilities in taking care of their elderly parents. Since their parents are elderly, they often require assistance with everyday tasks, such as household chores, running errands and even bathing. Remell Davis says the following about her brother:

> ...it's a pleasure having my brother home with the family. Jerry is very helpful and responsible, I haven't any problems,[he] helps me out with our parents who are now up in age and need of assistants, such as going to the doctor's or going to the store when they need something. Jerry helps our father with his bath, shaving and any other manly duties he may need help with. Jerry gets up and goes to work every morning and takes care of his responsibilities we are so happy to have him home.

(Letter from Remell Davis, Exh. D.)

Mr. Davis has also reunited with his son who currently lives in Alabama. Mr. Davis has been sending him money from his job in order to support him while he is attending college. Mr. Davis has been working extremely hard to be a good father, sister and son to his family since the beginning of his supervised release and he says that he "plans on keeping it this way." He has proven to be a dependable source of financial and emotional support to his family members. He has proven to be a dependable and hardworking employee to his work supervisors. Mr. Davis' dedication to his family and to his career demonstrates his commitment to continue his reintegration into society.

Terminating Mr. Davis' supervised release would enable him to better support his family financially. He would also be given additional work responsibilities in his career which would further his personal and career growth. Terminating his supervised release would also benefit his employers and the patrons to whom they provide

Davis - Petition to Terminate Supervised Release
& Proposed Order            6

services.  At this point, his supervised release is inhibiting his growth in his career and it is preventing him from providing more financial support to his family members.

The Court is often called upon to impose serious consequences for defendants who violate supervised release.  Jerry Dean Davis has completed every condition asked of him and has far gone beyond the requirements of his supervision.  He has fully reintegrated into society and is a valued worker, housemate, family member, and citizen. He has achieved stable community reintegration in terms of housing, family, and employment.  He is in full compliance with all terms of supervision.  He had no aggravated role in the offense, has no history of violence, and he is not using controlled substances.  He has no psychiatric issues.  He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

Given Mr. Davis's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

```
                                        Respectfully submitted,

                                        HEATHER WILLIAMS
                                        Federal Defender

DATED: September 25, 2013               /s/Rachelle Barbour

                                        _____
                                        RACHELLE BARBOUR
                                        Research and Writing Attorney
                                        Attorney for Defendant
                                        JERRY DEAN DAVIS
```
//
//

Davis - Petition to Terminate
Supervised Release
& Proposed Order                        7

[proposed]  **O R D E R**

Pursuant to 18 U.S.C. § 3583(e)(1), the Court hereby TERMINATES the term of supervised release in this case and discharges Mr. Davis for the reasons set forth above.

Dated: September 30, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

Davis - Petition to Terminate
Supervised Release
& Proposed Order                8